UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANGELA HESTER,

Plaintiff,

v.

BUFFALO PUBLIC SCHOOLS,

Defendant.

_____



**NOTICE OF REMOVAL**

**17    CV1027**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§1441 and 1446, the Defendant, above-named, by its attorneys, Timothy A. Ball, Corporation Counsel, and Robert E. Quinn, Assistant Corporation Counsel, hereby remove to this Court the civil action filed in New York State Supreme Court, Erie County, bearing Index Number 812484/2017. In support of this Notice, Defendants states as follows:

1.    Plaintiff filed her Summons and Complaint in state court on or about September 6, 2017. The Defendant received a copy of the Summons and Complaint on or about September 7, 2017.

2.    An Index of all documents filed in state court is attached hereto, pursuant to Local Rule 81, as **Exhibit A**.

3.     Copies of Plaintiff's Summons and Complaint in the state court action, together with Affidavit of Service, are attached hereto as **Exhibit B**.

4.     No other documents have been filed in state court or otherwise received by the Defendant.

5.     This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. §1331 (federal question) in that the Plaintiff's Complaint contains causes of action against Defendant for alleged violations of civil rights under 42 U.S.C. §1983.

6.     Venue is proper pursuant to 28 U.S.C. §1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

**WHEREFORE**, the Defendant files this Notice of Removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated:  September 10, 2017
        Buffalo, New York

TIMOTHY A. BALL, ESQ.
Corporation Counsel

By:  Robert E. Quinn
     Assistant Corporation Counsel
     65 Niagara Square - 1103 City Hall
     Buffalo, New York 14202
     (716) 851-4326
     rquinn@city-buffalo.com

2

To:    Andrew P. Fleming, Esq.
        CHIACCHIA & FLEMING, LLP
        5113 South Park Avenue
        Hamburg, New York 14075

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2017, I filed the foregoing Notice of Removal with the Clerk of the United States District Court for the Western District of New York and with the Erie County Clerk's Office of the New York State Supreme Court, which electronically notified Plaintiff's attorneys through the NYSCEF system, and I mailed a copy thereof in the U.S. Mail to the law offices of Plaintiff's attorneys, addressed to the law offices of CHIACCHI & FLEMING, LLP (Andrew P. Fleming, Esq.), 5113 South Park Avenue, Hamburg, New York 14075.

Robert E. Quinn
Assistant Corporation Counsel

Exhibit A

## INDEX OF DOCUMENTS FILED IN STATE COURT PRIOR TO REMOVAL

1.      Summons and Complaint, filed September 6, 2017

2.      Affidavit of Service, filed September 11, 2017

Exhibit B

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. 812484/2017

RECEIVED NYSCEF: 09/06/2017

**STATE OF NEW YORK**
**SUPREME COURT : COUNTY OF ERIE**

ANGELA HESTER
26 Chapel Road, Apartment #5
Kenmore, New York 14217

                              Plaintiff,                    **SUMMONS**

        -against-                                           **Index No.:**

BUFFALO PUBLIC SCHOOLS
712 City Hall
Buffalo, New York 14202

                              Defendant.

_____

**TO THE ABOVE-NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorney(s) within twenty (20) days after the service of this
summons, exclusive of the day of service [or within thirty (30) days after the service is complete
if this summons is not personally delivered to you within the State of New York]; and in case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

    Erie County is designated as the place of trial on basis of residence of plaintiff, who
resides in Erie County, New York.

Dated: September 6, 2017
       Hamburg, New York

                                        Andrew P. Fleming, Esq.
                                        CHIACCHIA & FLEMING, LLP
                                        Attorneys for Plaintiff
                                        5113 South Park Avenue
                                        Hamburg, New York 14075
                                        Telephone: (716) 648-3030

-1-

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. 812484/2017

RECEIVED NYSCEF: 09/06/2017

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

ANGELA HESTER

                         Plaintiff,

         - vs. -

BUFFALO PUBLIC SCHOOLS

                        Defendant.

_____

**COMPLAINT**

Index No. _____

Plaintiff ANGELA HESTER, by her attorneys, Chiacchia & Fleming, LLP, as and for her complaint against Defendant, states the following:

1. This is an action to redress unlawful employment practices, under the New York State Human Rights Law ("NYSHRL"). Plaintiff also sets forth a cause of action for Defendant's violation of her First Amendment right to Free Speech.

2. Plaintiff is a female employed by Defendant who was sexually harassed, discriminated against, and retaliated against by Defendant based on her gender. Plaintiff was also retaliated against in her role as a union representative and for exercising her First Amendment right to Free Speech.

3. Money damages, compensatory damages, attorneys' fees and other appropriate legal relief are sought herein.

## THE PARTIES

4. At all times hereinafter mentioned, plaintiff was and continues to be a resident of the County of Erie and State of New York.

-2-

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM    INDEX NO. 812484/2017
NYSCEF DOC. NO. 1                                RECEIVED NYSCEF: 09/06/2017

5. At all times hereinafter mentioned, and upon information and belief, Defendant was and continues to be a municipal entity duly existing under and by virtue of the laws of the State of New York. A timely Notice of Claim was served and this Complaint is timely.

## STATEMENT OF CLAIM

6. Plaintiff was hired by Defendant in or around September 2006 and began working at the Harriet Ross Tubman School, (Buffalo Public School #31), hereinafter "School".

7. Plaintiff was subjected to unwanted sexual advances and harassment by one of the School's assistant principals, Barry Ifedigbo. More specifically, on or about December 16, 2016, administrators and staff from the School went to Carabba's Italian Grill Restaurant on Niagara Falls Boulevard. Towards the end of the gathering, Ifedigbo began to make sexually suggestive remarks to Plaintiff and attempted to grab her in a sexual manner. Plaintiff outwardly opposed Ifedigbo's behavior and proceeded to leave with another employee with Ifedigbo following closely behind. Upon information and belief, Carabba's management team eventually had to call the police because of Ifedigbo's belligerent, threatening and intimidating behaviors.

8. Plaintiff initially felt that she could not report this incident to her superiors because of Ifedigbo's position within the School's administration. Under the circumstances, there was no meaningful or acceptable way to complain about the behaviors without exposing Plaintiff to retaliation.

9. Upon returning to work after the incidents at Carabba's, Plaintiff nonetheless found herself to be the subject of gossip and rumors. In or around this same time, Plaintiff became aware that Ifedigbo had been, upon information and belief, previously sexually

-3-

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. 812484/2017

RECEIVED NYSCEF: 09/06/2017

harassing another woman with professional ties to the School as a parent liaison. Eventually, in or about the week of March 13th, Plaintiff complained to Defendant of sexual harassment.

10. As the events at Carabba's became known around the workplace, the treatment of Plaintiff by Ifedigbo and some of the other members of the School's administration became retaliatory.

11. On or about February 14, 2017, School principal Heather Short-English and Ifedigbo entered Plaintiff's classroom and disrupted her lesson by questioning her and her students about lesson plans and test details. Later that day, Ms. English and assistant principal Julie Walsh sent Plaintiff home for the day, telling Buffalo Teachers Federation Vice President Edith LeWin that Plaintiff posed a safety threat to her students, but that she could return the next day.

12. Plaintiff was being retaliated against with a number of false accusations by her administrative team after she was subjected to sexual harassment by a member of that administrative team.

\*   \*   \*

13. During all times relevant to this complaint, Plaintiff served as the "Building Representative" for the BTF at the School. At a Board of Education meeting on or about February 15, 2017, Plaintiff spoke out to the Superintendent of Schools and Board of Education regarding problematic issues at the School, including the administration's errors, omissions and abuses.

14. Among other things, Plaintiff specifically stated to the Superintendent of Schools and Board of Education that there was inappropriate behavior directed towards female

-4-

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM    INDEX NO. 812484/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/06/2017

employees. Upon information and belief, there are Board Minutes which more thoroughly reflect Plaintiff's complaints regarding her administration.

15. Since speaking out, Plaintiff has been subjected to further retaliation and mistreatment by members of her chain-of-command. For instance, the following day, Plaintiff was subjected to two "counseling memos", the very first she had received under this administration.

\*      \*      \*

16. The retaliation continued thereafter. Plaintiff was placed on administrative leave on the morning of April 18, 2017. She was scheduled to meet later that day with a member of Defendant's administration to discuss the outcome of her sexual harassment allegations but was instead suspended. She has as of yet not heard about the outcome of any investigation into her sexual harassment allegations and she has yet to return to work.

17. Plaintiff was suspended that day in retaliation for, among other things, making charges of sexual harassment, publically criticizing the administration of the Harriet Ross Tubman School at a Board of Education meeting, and serving in her position as Building Representative.

18. In her role as Building Representative, Plaintiff made Defendant's agents aware that a number of teachers at the Harriet Ross Tubman School felt as though the School's administration was attempting to cause faculty to adjust students' scores on the "ELA" test, as well as other abuses and indiscretions. This did not go over well with the said administrators and Plaintiff was subjected to further retaliation for this communication.

-5-

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM    INDEX NO. 812484/2017
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 09/06/2017

## FIRST CAUSE OF ACTION: SEXUAL HARASSMENT AND DISCRIMINATION

19. Plaintiff repeats and realleges each of the allegations set forth in paragraphs "1" through "17" as if fully set forth herein.

20. Defendant through its agents and employees, sexually harassed and discriminated against Plaintiff as set forth in the preceding paragraphs.

21. The above discriminatory practices based on gender, by Defendant through its agents and employees, violate the New York State Human Rights Law, i.e. N.Y.S. Executive Law at Section §290, et seq.

22. Plaintiff has suffered physical and emotional harm as a result of Defendant's actions.

23. Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION: RETALIATION FOR LAWFUL EEO ACTIVITY

24. Plaintiff repeats and realleges each of the allegations set forth in paragraphs "1" through "23" as if fully set forth herein.

25. Defendant through its agents and employees, retaliated against Plaintiff ANGELA HESTER in her employment due to her lawful EEO Complaint of sexual harassment against her by one of her supervisors, as set forth in the preceding paragraphs.

26. The above retaliatory practices, by Defendant its agents and employees, violate the New York State Human Rights Law.

27. Plaintiff has suffered physical and emotional harm as a result of Defendant's retaliatory actions.

28. Plaintiff has been damaged in an amount to be determined at trial.

-6-

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM    INDEX NO. 812484/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/06/2017

## THIRD CAUSE OF ACTION: VIOLATION OF FIRST AMENDMENT RIGHT TO FREE SPEECH UNDER THE U.S. CONSTITUTION

29. Plaintiff repeats and realleges each of the allegations set forth in paragraphs "1" through "28" as if fully set forth herein.

30. This cause of action is set forth under 42 U.S.C. §1983 as Defendant violated Plaintiff's constitutional right to Free Speech.

31. Defendant through its agents and employees, retaliated against and penalized Plaintiff for speaking out on behalf of herself and her colleagues, in her union role as Building Representative, in speaking before the Board of Education, and for her raising the issues about the ELA test scores, as set forth in the preceding paragraphs.

32. Defendant's punitive actions against Plaintiff for her various comments violate the First Amendment of the United States Constitution.

33. Plaintiff has suffered emotional harm as a result of Defendant's violations of her First Amendment rights.

34. Plaintiff has been damaged in an amount to be determined at trial.

FILED: ERIE COUNTY CLERK 09/06/2017 10:51 AM

NYSCEF DOC. NO. 1

INDEX NO. 812484/2017

RECEIVED NYSCEF: 09/06/2017

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant in an amount to be determined at trial, (and after further analysis of the injuries and costs of treating same,) together with the costs and disbursements necessary to this action, an award for attorneys' fees and costs pursuant to 42 U.S.C. §1988 on her Third Cause of Action, and whatever other, further and different relief this Court deems just and proper.

DATED:    September 6, 2017
               Hamburg, New York

Andrew P. Fleming
CHIACCHIA & FLEMING, LLP
Attorneys for Plaintiff
5113 South Park Avenue
Hamburg, New York 14075
Telephone: 716-648-3030

-8-

FILED: ERIE COUNTY CLERK 09/11/2017 09:32 AM          INDEX NO. 812484/2017

NYSCEF DOC. NO. 2                                           RECEIVED NYSCEF: 09/11/2017

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

Angela Hester

                                        Plaintiff,                    **AFFIDAVIT OF SERVICE
                                                                       ON AN INDIVIDUAL/
          -vs.-                                                        CORPORATION**

Buffalo Public Schools                                         Index No.: <u>812484/2017</u>
                              Defendant.
_____

State of New York          )
County of Erie             ) ss.:

     ANDREW P. FLEMING, being duly sworn, deposes and says that he is over 18 years of age and not a party to this action; that on the 7 day of September, 2017 at approximately 11:15 a.m. at City Hall, Buffalo, New York deponent served a Summons and Complaint on the Buffalo Office of the Board of Education, in the following manner:

☐ Individual    By delivering to and leaving with said a _____, personally a true copy thereof, and that she knew the person so served to be _____, the person mentioned and described in said _____.

☐ Corporation    By delivering to and leaving with _____ and he knew the person so served to be _____ of defendant corporation.

☒ Responsible Person    By delivering to and leaving with the Clerk of the Board of Education copy thereof, a person of suitable age and discretion. Said premises being the defendants place of business within the State of New York who date-stamped the Summons and Complaint.

☐ Substituted Home    By affixing a true copy thereof to the door of said premises the same being the defendants (dwelling place) (usual place of abode) (place of business) within the State of New York.

☐ Mail    Deponent also served a copy of the _____ by depositing a true copy of the same in a post-paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States post office in the State of New York.

☐ Previous Attempt(s)    Deponent had previously attempted to serve the above-named defendant(s) pursuant to CPLR Sec. 308
    at _____ on the _____ day of _____ 20___ _____PM _____AM
    at _____ on the _____ day of _____ 20___ _____PM _____AM
    at _____ on the _____ day of _____ 20___ _____PM _____AM

☐ Description    The person served would be described as approximately _____ years of age, _____ lbs, __ ft. __ in., male/female, _____ hair, _____ skin, _____ eyes, other - _____

☐ Military    To my best knowledge, information and belief the said defendant at the time of service was not engaged in military service of the United States.

Sworn to before me this
7th day of September 2017.

_____
Notary Public or Commissioner of Deeds.

_____

KELLY M. WILDER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires September 7, 2018

1 of 1