UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Angela Hester,

                        Plaintiff,

    v.

Buffalo Public Schools,

                        Defendant.

**Decision and Order**

17-CV-1027V

---

## I. INTRODUCTION AND DISCUSSION

Plaintiff Angela Hester filed a complaint in state court accusing defendant of sexual harassment and discrimination; of retaliation for complaining about sexual harassment; and of retaliation, in violation of the First Amendment, for speaking out about an administrative issue in her capacity as a teachers' union representative. On October 10, 2017, defendant removed the case to this District under 28 U.S.C. §§ 1441 and 1446. (Dkt. No. 1.) District Judge Lawrence J. Vilardo referred the case to this Court under 28 U.S.C. § 636(b) (Dkt. No. 3), and this Court issued a scheduling order on December 6, 2017. (Dkt. No. 7.) Under the scheduling order, discovery would end on December 19, 2018.

On October 31, 2018, Hester filed a motion to compel initial disclosures and discovery responses. (Dkt. No. 10.) At the heart of the motion was the problem that, according to Hester, defendant had not responded at all to certain discovery demands despite repeated correspondence over several months. (*Id.* at 1–2.) Defendant more or less acknowledged a failure to respond when it addressed the pending motion (Dkt. No. 12); defendant asserted that it now has responded to Hester's demands and has made certain objections pertaining to privilege, breadth, and relevance. Defendant asked Hester to withdraw her motion in the face of its responses.

Hester did not withdraw her motion, and the motion proceeded to oral argument on November 14, 2018.  At oral argument, Hester asserted defects in defendant's responses that, in her view, resulted from a rush to respond to the pending motion.  Among other defects, Hester alluded to possible bad faith in defendant's responses that it did or did not have certain documents "upon information and belief."  Hester argued that defendant either has the documents in question or does not, and should have checked; there is no need to act upon information and belief.  Defendant stood by the adequacy of its responses.

Since the parties have not been able to resolve the matter on their own, the Court faces a minor problem in addressing the pending motion.  Between the initial filing of the motion and oral argument, the central issue shifted from whether defendant responded to certain demands *at all* to whether defendant responded *adequately*.  The motion papers filed so far sufficed to address the former issue but cannot address the latter.  The Court has seen neither Hester's demands nor defendant's responses and cannot assess the adequacy of the responses at this time.

To try to avoid a second round of motion practice and a flurry of additional paperwork, the Court will take a stepwise approach to resolving the matter.  On or before December 21, 2018, or as soon thereafter as the mediator is available, the parties will confer with the mediator, Michael Menard.  While the parties always are welcome to discuss any issues that they like during mediation sessions, this mediation session will be focused principally on resolving the parties' current differences in discovery.  If the parties cannot work out all of their differences then they will prepare, with Mr. Menard's assistance, a precise list of unresolved demands with a brief statement of why each party considers each demand important or inappropriate; fulfilled or still unfulfilled; etc.  The Court respectfully asks Mr. Menard to file a certification within 14 days of the mediation session to confirm the outcome.  The parties will return before the Court on January 30, 2019 at 11:00 AM,

either to set a new schedule if they succeed in mediation or to plan further proceedings if they do not.

As the Court mentioned at oral argument, the current schedule is suspended pending the resolution of the current discovery dispute.

**II.  CONCLUSION**

The Court grants Hester's motion (Dkt. No. 10) in part to direct the parties to mediation as explained above.  The Court denies the motion without prejudice in all other respects.  The parties will return on January 30, 2019 at 11:00 AM for a status conference.

SO ORDERED.

                                            __/s Hugh B. Scott_____
                                            Hon. Hugh B. Scott
                                            United States Magistrate Judge

DATED: November 20, 2018